**REVISED April 16, 2020**

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-20556
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
April 14, 2020
Lyle W. Cayce
Clerk

MARK TENNYSON,

      Plaintiff - Appellee

v.

E. VILLARREAL; P. WILLIAMS; M. ALSTON; R. GARCIA; K. HANDY; T. SANDERS; J. RAMON; JOASH BUTLER; CASSANDRA AMIE,

      Defendants - Appellants

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CV-119

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

    Appellee Mark Tennyson sued Harris County, Texas and twenty current and former police officers pursuant to 42 U.S.C. § 1983 after he was injured while being handcuffed during an incident at the Harris County jail. The district court granted summary judgment on all claims except Tennyson's

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

excessive force and conspiracy claims against nine of the officers (collectively, the "Officers"). The Officers appeal, arguing they are entitled to qualified immunity. We reverse.

We review a district court's denial of a motion for summary judgment *de novo*. *Linbrugger v. Abercia*, 363 F.3d 537, 540 (5th Cir. 2004).

Government officials "are entitled to qualified immunity . . . unless (1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was clearly established at the time." *District of Columbia v. Wesby*, 138 S. Ct. 577, 589 (2018) (internal quotation marks omitted). To prevail on an excessive force claim, a plaintiff must show "that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2474 (2015). As a pretrial detainee, Tennyson "can prevail by providing only objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose." *Id.* Factors relevant to a determination of reasonableness include the relationship between the need for the use of force and the amount of force used, efforts to temper or to limit force, the threat reasonably perceived by the officer, the extent of the plaintiff's injury, and whether the plaintiff was resisting. *Id.* at 2473.

Tennyson argues the Officers used excessive force by taking him to the ground while attempting to handcuff him.[1] We disagree. At the time of Tennyson's injury, the Officers were attempting to diffuse a disruptive situation involving at least eight non-compliant detainees. As part of that process, the detainees were told to line up against a wall, and Tennyson was

---

[1] Tennyson does not identify which Officer he alleges actually brought him to the ground.

instructed to face the wall and put his arms behind his back so he could be handcuffed. Tennyson admits that he refused to comply, and that the Officers had to take him to the ground to handcuff him because of his noncompliance. The Officers deny that Tennyson was ever brought to the ground, but even accepting that he was, we cannot say that the force used to subdue Tennyson was objectively unreasonable under the circumstances. The Officers are therefore entitled to qualified immunity as to Tennyson's excessive force claim. And because the Officers are so entitled, Tennyson's conspiracy claim is not actionable. *See Hale v. Townley*, 45 F.3d 914, 920–21 (5th Cir. 1995).

For the foregoing reasons, the district court's denial of summary judgment is **REVERSED** and judgment is **RENDERED** in favor of the Officers. Tennyson's claims of excessive force and conspiracy against the Officers are **DISMISSED**.